**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

ANTHONY CALVIN JONES                                                                    PLAINTIFF

v.                                                                           CIVIL ACTION NO. 5:14cv22-MTP

MARK SHEPARD, et al.                                                                   DEFENDANTS

**OPINION AND ORDER**

THIS MATTER is before the Court *sua sponte* upon the Plaintiff's failure to comply with certain orders of this Court. The Plaintiff, proceedings *pro se* and *in forma pauperis*, filed his civil rights Complaint [1] on or about March 1, 2014. Based on the record in this case and the applicable law, the Court finds that this action should be dismissed without prejudice.

Pursuant to Federal Rule of Civil Procedure 41(b),[1] a trial court has discretionary authority to dismiss an action *sua sponte* for the plaintiff's failure to prosecute or comply with any order of the court. *See Link v. Wabash R.R. Co.,* 370 U.S. 626, 629-30 (1962); *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998). The power of the courts "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to . . . clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . so as to achieve the orderly and expeditious disposition of cases." *Link,* 370 U.S. at 629-31; *see also Lopez v. Aransas County Indep. Sch. Dist.,* 570 F.2d 541, 544 (5th Cir. 1978) (discussing trial court's Rule 41(b) discretionary authority). This case exemplifies the type of inaction that warrants Rule 41(b) dismissal.

---

[1] "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

1

On January 28, 2015, the Court attempted to serve the Plaintiff with Order [28] by mail, but the item was later returned to the clerk as undeliverable. *See* Mail Returned [30]. The returned enveloped contained the notation "discharged." *Id.* On March 20, 2015, the Court issued Order [33] directing the Plaintiff to file a written statement with the clerk of court on or before April 15, 2015, setting forth why this case should not be dismissed for failure to prosecute his case. The order was once again returned to the clerk as undeliverable with the notation "discharged." *See* Mail Returned [36]. A copy of Order [29] that was mailed to the Plaintiff was also returned with a similar notation on March 25, 2015. *See* Mail Returned [34]. Finally, this Court issued a Final Order to Show Cause [37] on April 16, 2015, again directing the Plaintiff to file a written statement with the clerk of court on or before April 30, 2015, setting forth why this case should not be dismissed for failure to prosecute his case, or alternatively, to provide the Court with a current address. This deadline has now expired, and still Plaintiff has not filed a change of address or otherwise responded to the Court's order.

With its clear record of delay, this case may properly be dismissed under Rule 41(b). *Hejl v. State of Texas*, 664 F.2d 1273, 1274-75 (5th Cir. 1982); *see also Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir. 1998) (affirming dismissal where plaintiff had been warned that dismissal could result from his failure to comply with court order); *Balawajder v. Parker*, 56 F.3d 1386 (5th Cir. 1995). The Plaintiff has not notified the Court of a recent change of address,[2] although he has been warned several times that a failure to do so could result in the dismissal of this matter. *See* Orders [3], [5], [8], [10], [13], [15], [27], [33], [37]. Plaintiff also has not inquired as to the status of his

---

[2]Plaintiff had previously advised the Court of a change of address. *See* Notice of Change of Address [12].

case[3] or otherwise communicated with the Court since his appearance at the omnibus hearing held on November 5, 2014. *See* Omnibus Order [27]. From this it appears that Plaintiff has lost interest in proceeding with this action and has abandoned it.

As Plaintiff has failed in his obligations to prosecute his case and to comply with the Court's orders, the Court finds that this action should be dismissed.

IT IS, THEREFORE, ORDERED:

1. That this matter be DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

2. A separate judgment in accordance with Federal Rule of Civil Procedure 58 will be entered.

THIS, the 7th day of May, 2015.

s/ Michael T. Parker  
United States Magistrate Judge

---

[3] *See Ainsworth v. Payne*, No. 1:05cv297-LG-JMR, 2006 WL 2912571, at *1 (S.D. Miss. Oct. 10, 2006) (quoting *Perkins v. King,* No. 84-3310, 759 F.2d 19 (Table), slip op. at 4 (5th Cir. March 19, 1985)) ("In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquires. Address changes normally would be reflected by those inquiries if made in writing.")